## No. 7159.

### SPENCER FIELD VS. DANIEL WEAVER.

It does not matter that a petition for injunction is not designated a petition of third opposition when the allegations and prayer give it that character.

The averments in a petition for injunction — that his notes had been deposited with the party who had sued out the executory process who had wrongfully appropriated them, and that they were the property of the petitioner, and hence were extinguished — are within the third paragraph of Art. 739, Code of Practice, and Art. 740, which latter authorizes the injunction without bond.

If a prayer for damages in such petition is unauthorized, it can prejudice no one, nor can it deprive the opposing party of his right to a summary trial.

At the end of the petition, after the signature of the attorney, is the signature of the plaintiff followed by the usual jurat, "sworn to and subscribed before me," signed by the clerk. *Held*, this was a swearing to the petition, and hence to the facts and allegations contained therein.

APPEAL from the Sixth District Court of New Orleans.   RIGHTOR, J.

*B. Egan* for Plaintiff Appellant.   *E. & E. J. Bermudez* for Defendant.

WHITE, J., delivered the opinion reversing the judgment and remanding the case.

## No. 7272.

### SUCCESSION OF W. H. REYNOLDS.

An appellant need not sign the appeal bond either in person or by attorney.

The under-tutor may be the surety on an appeal bond of the tutor. It will not vitiate the bond that he is described in the body of it as under-tutor, since he is also described therein as surety, and he signs it individually.

When there is no date to the bond, the filing of it supplies a date.

Where employment is monthly, and the wages of it are so charged and thus sued for, prescription begins to run from the end of each month, although the services are continuous.

APPEAL from the Second District Court of New Orleans.   TISSOT, J.

*G. L. Hall* for the Succession Appellant.   *Richardson & Magruder*, and *Bartlette* for Opponents.

SPENCER, J., delivered the opinion on the motion to dismiss, and WHITE, J., on the merits, amending the judgment.